IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| DENNIS JAY WARREN, | ) | |
| Plaintiff, | ) ) ) | 3:15-cv-00161-JO |
| v. | ) ) | OPINION AND ORDER |
| CORIZON HEALTH, et al., | ) ) ) | |
| Defendants | ) ) | |

JONES, District Judge:

Plaintiff Dennis Warren, acting pro se, sued Corizon Health, Inc., Washington County, and Colin Storz, P.A., under 42 U.S.C. § 1983. Warren alleges that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs while he was incarcerated in Washington County Jail. He seeks monetary damages in the sum of $5,000 and injunctive relief. Defendants' motion for summary judgment [Doc # 21] is now before the court. For the following reasons, Defendants' motion is GRANTED.

1 - OPINION AND ORDER

## BACKGROUND

The following factual background is undisputed. Beginning October 6, 2014 and at all times relevant to this motion, Warren has been an inmate at Washington County Jail. Upon arrival, Warren underwent a medical screening and reported that, before incarceration, he had been taking Phenobarbital, Prozac, and Qvar Albuterol prescribed by an outside doctor. The next day, defendant Storz initiated prescriptions for those medications in order to provide continuity. Storz contacted the outside pharmacy Warren identified, which confirmed that Warren had recently filled prescriptions for those medications. Storz also checked Warren's serum level of Phenobarbital.

During his medical intake screening, Warren did not mention facial pain. On October 15, 2014, Warren first requested ibuprofen for facial pain. Warren received a short term prescription for ibuprofen to use as needed. On October 25, 2014, a nurse told Warren he could obtain ibuprofen without a prescription from the commissary free of charge to treat his intermittent facial pain as needed. Soon after, Warren complained of left-sided facial pain that ibuprofen did not relieve, and a nurse gave him a short-term prescription for Naprosyn.

Defendant Storz examined Warren on November 3, 2014, in the Chronic Care Clinic. Warren said he had experienced intense but intermittent nerve pain in the left side of his face since having surgery after trauma in the distant past. Storz prescribed Naprosyn as needed for 30 days. When Warren requested renewal of the Naprosyn prescription, however, Storz declined and advised Warren to obtain ibuprofen from the commissary. Warren submitted several additional health care requests, seeking a prescription for Naprosyn, but these were denied by medical staff at the jail including Storz, nurses, and an on-site physician, Dr. Radostitz, all of whom advised Warren to

obtain over-the-counter NSAIDs such as ibuprofen, Tylenol, or Motrin from the commissary on an as-needed basis.

On December 26, 2014, a nurse examined Warren for facial pain and gave him a five day prescription for Naprosyn. On January 5, 2015, Dr. Radostitz examined Warren and approved another prescription for Naprosyn. On February 4, 2015, Dr. Radostitz examined Warren, and approved a 30-day prescription for Naprosyn.

Warren alleges the foregoing treatment history demonstrates that defendants acted with deliberate indifference to his medical needs. Specifically, Warren claims that defendant Storz prescribed inappropriate medication for a month when Warren arrived at the jail, and subsequently refused to prescribe Naprosyn in accordance with his many health care requests.

Defendants moved for summary judgment, contending that Warren failed to exhaust his available administrative remedies before filing suit, and failed to show any violation of his Eighth Amendment rights by any of the defendants.

## STANDARD OF REVIEW

The district court should grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party and inferences drawn from

3 - OPINION AND ORDER

facts are viewed in the light most favorable to the non-moving party. *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 630-31 (9th Cir. 1987).

## DISCUSSION

### I.     Exhaustion of Remedies

The Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies before commencing an action under Section 1983. 42 U.S.C. § 1997e(a). The statute says that,

> [n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a mandatory prerequisite and not a discretionary matter for the court. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Claims for which an inmate has failed to exhaust administrative remedies cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

Washington County Jail has an internal grievance process through which inmates can submit complaints and seek resolution of issues regarding conditions of confinement, including issues involving medical care. This grievance process is described in an Inmate Manual provided to each inmate upon arrival. Warren was aware of the grievance procedure and used it to challenge his security classification. Warren did not, however, file a single grievance related to his claims that he received inappropriate medications from Storz on arrival at Washington County Jail, that his requests for Naprosyn were improperly declined, or any other matter alleged in his complaint.

Because Warren failed to exhaust remedies, his claims are not properly before the court and must be dismissed. Generally, when the district court finds that a prisoner failed to exhaust all available administrative remedies, it should dismiss without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). As shown below, however, there is no genuine issue of any material fact regarding the merits of Warren's claims and defendants are entitled to judgment.

## II.     No Vicarious Liability

A local government or municipality cannot be held liable solely because of its employer-employee relationship with the alleged tortfeasor under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978). A local governmental entity can be liable under section 1983 only if the alleged constitutional violation is caused by an official policy, practice, or custom of the entity. *Monell* at 694; *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Accordingly, to make out a claim against Washington County, Warren must show that a constitutional violation occurred and was caused by an official county policy.

This rule also applies to claims against a private entity acting under color of state law. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). Accordingly, to make out a claim against Corizon Health under section 1983, Warren must show that a constitutional violation was caused by an official policy or practice of Corizon Health.

Although Warren named Corizon Health and Washington County as defendants, he did not allege that he was injured through the operation of an official policy of either defendant. His complaint alleges only episodes of allegedly inadequate medical care provided by defendant Storz. Those allegations cannot support claims against Washington County or Corizon Health under section 1983. Accordingly, defendants Washington County and Corizon Health are entitled to judgment.

5 - OPINION AND ORDER

### III. Eighth Amendment

Jail officials, including medical staff, violate the Eighth Amendment when they act with deliberate indifference to the serious medical needs of a prisoner in the custody of the jail. *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976). Warren alleges that Storz acted with deliberate indifference by prescribing inappropriate medications when Warren arrived at Washington County Jail and by declining Warren's requests for a Naprosyn prescription between November 24, 2014 and December 26, 2014.

Deliberate indifference is a culpable state of mind on the part of the health care provider that is equivalent to "criminal recklessness." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadvertent or negligent failure to provide adequate medical care is not sufficient to state a claim under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The health care provider must know of and disregard an excessive risk to the inmate's health or safety. *Farmer* at 837. The plaintiff must show that the defendant health care provider's action or failure to act in response to a serious medical need was purposeful and caused harm. *Jett*, 439 F.3d at 1096.

Warren has not alleged facts that would support a claim that Storz acted with deliberate indifference to Warren's medical needs by prescribing inappropriate medications when Warren arrived at Washington County Jail. Storz made himself aware of Warren's prescription needs by asking Warren about his current prescriptions and confirming them with the outside pharmacy that had filled them. Storz continued those prescriptions and tested Warren's serum levels to ensure proper dosage. Warren did not allege any harm from the continuity of care Storz provided. If all of the facts Warren asserts are proved, they would show only diligent appropriate treatment regarding Warren's prescriptions.

Warren has not alleged facts that would support a claim that Storz acted with deliberate indifference to Warren's medical needs by declining to prescribe Naprosyn on a scheduled basis for Warren's intermittent facial pain. Warren's allegations do not show a serious medical need for treatment with Naprosyn, because similarly effective NSAIDs were readily available to him from the commissary. Accordingly, Storz's withholding Naprosyn prescriptions did not result in significant injury or the wanton infliction of pain.

Nor do Warren's allegations show that Storz acted with deliberate indifference. Storz reasonably declined to provide Warren with scheduled prescriptions for legitimate medical reasons, including that Warren reported only intermittent pain which could be treated with similarly effective over-the-counter analgesics that were readily available on an as-needed basis, that chronic use of Naprosyn has potential side effects to which Warren was especially susceptible because he suffers from hepatitis C, and that prescribing on a scheduled basis posed a risk of overdose. In addition to legitimate health concerns, the facility had legitimate interests in avoiding hoarding and unauthorized distribution of prescription medications by inmates. In short, Warren has not alleged facts that show Storz acted with deliberate indifference to Warren's medical needs.

## CONCLUSION

Resolving all reasonable doubt as to the existence of a material factual issue in Warren's favor and viewing all reasonable inferences that can be drawn from the facts in the light most favorable to him, I am satisfied that Warren has failed to designate facts showing an issue to be resolved at trial and that defendants are entitled to judgment as a matter of law.

## ORDER

For the foregoing reasons, defendants' motion for summary judgment [Doc # 21] is GRANTED. Any remaining pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 29th day of September, 2015.

Robert E. Jones
United States District Judge